UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| 29 GREENWOOD, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MAYOR RUTHANNE FULLER, DOUG )<br>CORNELIUS, PETER DIMOND, KATY )<br>HAX HOLMES, JOHN LOJEK, ANTHONY )<br>CICCARIELLO, NEWTON HISTORICAL )<br>COMMISSION, and CITY OF NEWTON, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>23-10800-FDS |

### ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

**SAYLOR, C.J.**

This case concerns the alleged taking of plaintiff's property at 29 Greenwood Street in Newton, Massachusetts. According to the complaint, in January 2021, plaintiff obtained title to the property, which had been designated a Newton Local Landmark. The complaint contends that defendants since then have deprived plaintiff of all use of its property.

The complaint names as defendants the City of Newton, the Newton Historical Commission, Ruthanne Fuller (Mayor of the City of Newton), Doug Cornelius (Chair of the Newton Historical Commission), Peter Diamond (former Chair of the Newton Historical Commission), Katie Hax Holmes (former Commissioner of the Inspectional Services Department), and Anthony Ciccariello (Deputy Commissioner/Plans Examiner of the Inspectional Services Department).

The complaint asserts four counts against all defendants: (1) violation of the Takings

Clause of the Fifth Amendment; (2) violation of Article 10 of the Massachusetts Civil Rights Act; (3) tortious interference with prospective advantage; and (4) violation of the Excessive Fines Clause of the Eighth Amendment.

Plaintiff now seeks to amend the complaint. For the following reasons, that motion will be granted.

**I.      Background**

The original complaint was filed on February 16, 2023, in Middlesex Superior Court. On April 13, 2023, defendants removed the proceeding to this Court. Defendants moved to dismiss for failure to state a claim on April 24, 2023; in response, plaintiff moved for leave to file an amended complaint. Plaintiff has also filed a motion for leave to file a reply brief in support of its motion for leave to file an amended complaint.

The proposed amended complaint appears to put forward several changes, including raising plaintiff's takings claim only as a single count (Count One); clarifying that the takings claim is asserted only against the City of Newton; clarifying that the takings claim under state law arises under Mass. Gen. Laws ch. 79; clarifying that plaintiff's cause of action under Count Two arises under the Massachusetts Civil Rights Act and is not asserted against City of Newton or the Newton Historical Commission; clarifying that Count Two is asserted against city officials only in their individual capacities; clarifying that the tortious interference claims are raised only against city officials in their individual capacities and not against the City of Newton or the Newton Historical Commission; clarifying that the Eighth Amendment claim is asserted only against the City of Newton; and alleging various additional facts that are intended to support some of those claims.

**II.     Analysis**

Under Rule 15(a), a party may amend a pleading without leave of court in certain relatively narrow circumstances. Fed. R. Civ. P. 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant a motion to amend, courts must examine the totality of the circumstances and exercise their "informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006) (citing *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989)). District courts enjoy "significant latitude in deciding whether to grant leave to amend." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008).

"[T]he liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) (quoting 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1487, at 611 (2d ed. 1990)). Leave to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The motion here, in large part, seeks to dismiss defendants as to some counts and to dismiss certain claims, and is brought relatively early in the case. Under the circumstances, the motion will be granted. The defendants will, of course, have an opportunity to renew their motion to dismiss after the filing of a first amended complaint.

### III. Conclusion

For the foregoing reasons,

1. Plaintiff's Motion for Leave to File First Supplemented and First Amended Complaint (Docket No. 14) is GRANTED.

2. Plaintiff's Motion for Leave to File Reply Brief in Support of Motion for Leave to File First Supplemented and First Amended Complaint (Docket No. 17) is DENIED as moot.

3. Plaintiff is directed to file an amended complaint consistent with the terms of this memorandum and order within 14 days (that is, by October 17, 2023).

4. Defendants' Motion to Dismiss for Failure to State a Claim (Docket No. 9) is DENIED without prejudice as moot. Defendants shall answer or otherwise respond within 21 days after the filing of the amended complaint.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: October 3, 2023