UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |  |
|---|---|---|
| 29 GREENWOOD, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MAYOR RUTHANNE FULLER, DOUG CORNELIUS, PETER DIMOND, KATY HAX HOLMES, JOHN LOJEK, ANTHONY CICCARIELLO, NEWTON HISTORICAL COMMISSION and CITY OF NEWTON, | ) | Case No. 1:23-cv-10800-FDS |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST SUPPLEMENTED AND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY BRIEF

Plaintiff, 29 Greenwood, LLC ("Plaintiff") hereby moves this Court to strike Defendants' *Reply to Plaintiff's Opposition to the Motion to Dismiss Plaintiff's First Supplemented and Amended Complaint* (the "Reply"), [ECF No. 38], since it was filed without leave of the Court under the applicable Rules. In the alternative, Plaintiff hereby moves this Court for leave to submit a sur-reply brief, substantially in the form attached hereto as Exhibit A, in support of its *Opposition to Defendants' Motion to Dismiss the First Supplemented and Amended Complaint* (the "Motion to Dismiss"), [ECF No. 37]. Accordingly, Plaintiff states as follows:

### BACKGROUND

1. Plaintiff has brought suit against the Defendants asserting claims based upon their unconstitutional and tortious conduct stemming from real property that Plaintiff owns in the City

of Newton, Massachusetts.  *See generally* Complaint, [ECF No. 1-2], at 5.  Plaintiff filed the Complaint on February 16, 2023 in the Middlesex Superior Court.  *See* [ECF No. 1-2], at 3 (state court docket).

2. Defendants became aware of the Complaint brought against them on March 15, 2023, *see* [ECF No. 1-1] at 1, and then removed this action from the Middlesex Superior Court to this Court by Notice dated April 13, 2023.  [ECF No. 1-1].

3. Plaintiff asserted claims based upon an uncompensated regulatory taking under the United States Constitution and Massachusetts law, as well as tortious interference with prospective advantage, and, finally, due to a violation of the Excessive Fines clause of the Eighth Amendment.  *See* [ECF No. 1-2].

4. On April 24, 2023, Defendants filed their *Motion to Dismiss the Complaint* (the "First Motion to Dismiss"), [ECF Nos. 9-10], seeking dismissal of all counts of the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  [ECF Nos. 9-10].

5. On June 7, 2023, in order to cure the alleged deficiencies raised by Defendants in their Motion to Dismiss, Plaintiff filed its *Motion for Leave to File Supplemented and Amended Complaint* (the "Motion to Supplement and Amend"), [ECF No. 14], pursuant to Fed. R. Civ. P. 15 (a)(2) and 15(d).  [ECF No. 14].

6. On June 21, 2023, Defendants filed their *Opposition to Plaintiff's Motion to Supplement and Amend*, [ECF No. 15], through which they argued that the Court should deny Plaintiff's Motion to Supplement and Amend and dismiss all of Plaintiff's claims with prejudice. [ECF No. 15].

7.        On October 3, 2023 the Court issued an Order, [ECF No. 27], denying the First Motion to Dismiss and granting Plaintiff's Motion to Supplement and Amend. [ECF No. 27]. Supplemented and Amended Pleading [ECF No. 14].

8.        Pursuant to the Court's Order, Plaintiff filed its *First Supplemented and Amended Complaint* (the "Amended Complaint"), [ECF No. 28], on October 17, 2023 [ECF No. 28].

9.        On November 7, 2023, the Defendants filed a *Motion to Dismiss the First Supplemented and Amended Complaint* (the "Second Motion to Dismiss"), [ECF Nos. 32-33], by which they raise once more the arguments they already presented in the First Motion to Dismiss, [ECF Nos. 9-10], that was denied by this Court via the October 3, 2023 Order, [ECF No. 27]. [ECF Nos. 32-33].

10.       On November 21, 2023 Plaintiff filed its Opposition to Defendants' Second Motion to Dismiss. [ECF. No. 37].

11.       On December 1, 2023 the Defendants filed a Reply to Plaintiff's Opposition to their Motion to Dismiss the amended pleading [ECF. No. 38].

12.       Defendants did not seek leave of Court prior to filing their Reply.

13.       This Court has not issued a Scheduling Order in this matter nor otherwise issued any Order altering the requirements of L.R., D. Mass. 7.1(b)(3) (hereinafter "Rule 7.1(b)(3)").

## ARGUMENT

### I.    DEFENDANTS IMPROPERLY FILED THEIR REPLY BRIEF WITHOUT LEAVE OF COURT, AND IT SHOULD BE STRICKEN ACCORDINGLY.

Rule 7.1(b)(3) provides that "[a]ll other papers not filed as indicated in subsections (b)(1) and (2), [which govern submission of motions and oppositions thereto], whether in the form of a reply brief or otherwise, may be submitted only with leave of court." L.R., D. Mass. 7.1(b)(3). Defendants state in their Reply that leave of Court for such filing was not necessary in

accordance with Chief Judge Saylor's preferred scheduling order, as long as the document is under twelve pages and filed seven days after the opposition has been filed.  *See* Defendants' Reply [ECF No. 38], p. 1.  However, so far Chief Judge Saylor has not signed a scheduling order using that preferred format, and thus, such document cannot govern the motion practice in this case as it has not been formally adopted.  *See Flood v. Me. Dep't of Corr.*, 2012 U.S. Dist. LEXIS 158649 * 61-62 (D. Me. Aug. 24, 2012) (Rich III, J.) (scheduling order can modify the default rules but only when such order is properly in place). Therefore, reply briefs in this case are still governed by Rule 7.1(b)(3), and thus, parties must seek the leave of the Court before filing any additional memorandum. As the Defendants did not do so, their Reply should be stricken.

### II. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ALLOWED TO FILE A SUR-REPLY BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Reply briefing in this Court is governed by Local Rule 7.1(b)(3), as stated above.  *See American Mfrs. Mut. Ins. Co. v. Town of North Brookfield*, 2006 U.S. Dist. LEXIS 107966 * 19 (D. Mass. Aug. 10, 2006) (Hillman, J.).  *See also Applied Molecular Evolution, Inc. v. Morphosys AG*, 2002 U.S. Dist. LEXIS 28034 * 1-2 (D. Mass. Sep. 30, 2002) (Bowler, J.). Courts have great leeway in the application and enforcement of local rules.  *See United States v. Roberts*, 978 F.2d 17, 20 (1st Cir. 1992).  Courts will establish when a sur-reply is appropriate, as long as the brief does not offer new arguments or renounce "previously agreed-upon facts or legal premises".  *See Genereux v. Hardric Labs.*, 2013 U.S. Dist. LEXIS 85762 * 9 (D. Mass. May 29, 2013) (Wolf, J.).

Should the Court decline to strike Defendants' Reply, Plaintiff seeks, in the alternative, to file a sur-reply brief of 12 pages in support of its Opposition to address matters raised in Defendants' Reply, including Defendants' misstatements of fact regarding (i) the sufficiency of

Plaintiff's claim regarding Defendants' implementation of a regulatory taking; (ii) the existence of specific acts executed by individual Defendants to coerce Plaintiff; (iii) the presence of prospective business opportunities in Plaintiff's favor revealing the viability of such claim; and (iv) the inapplicability of immunity on Defendants' favor.

Good cause exists to permit the filing of a sur-reply brief to provide Plaintiff with an opportunity to respond to the inaccuracies contained in Defendants' Reply. Permitting the filing of a sur-reply will not prejudice any party, but rather will permit Plaintiff to clarify these issues for the Court and provide a fulsome and accurate record to assist it in ruling on Defendants' Motion to Dismiss Plaintiff's First Supplemented and First Amended Complaint.

## CONCLUSION

Plaintiff 29 Greenwood, LLC hereby respectfully requests that the Court GRANT this Motion and ALLOW any further or additional relief as the Court deems just and proper.

Respectfully submitted,

29 GREENWOOD, LLC,

By its attorneys,

*/s/ Thomas H. Curran*
Thomas H. Curran, BBO # 550759
tcurran@thcalaw.com
Rachel E. Greenberg, BBO #711019
rgreenberg@thcalaw.com
Eduardo Romero Tagle, *pro hac vice*
eromerotagle@thcalaw.com
Thomas H. Curran Associates, LLC
Ten Post Office Square, Suite 800 South
Boston, MA 02109
(617) 207-8670

Dated: December 28, 2023

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

Undersigned counsel certifies that Plaintiff's counsel attempted through several means to confer with Defendants' counsel regarding the filing of this Motion prior to filing in a good faith effort to resolve or narrow the issues giving rise to this Motion.

/s/ Thomas H. Curran

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on December 28, 2023.

/s/ Thomas H. Curran